**Opinion issued July 9, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00704-CV

———————————

**SHANEL WALTON, Appellant**

**V.**

**CAMILLO ML 2021-SFR LLC, Appellee**

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1189402**

## MEMORANDUM OPINION

In this forcible-detainer action, appellant Shanel Walton appeals from the county court's judgment granting possession of certain real property to appellee, Camillo ML 2021-SFR LLC. Appellee has filed a motion to dismiss this appeal for lack of jurisdiction. We grant the motion and dismiss the appeal.

The only issue in a forcible-detainer action is the right to actual possession of the subject property, and the merits of title are not adjudicated. *See* TEX. R. CIV. P. 510.3(e); *Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). An appeal from a forcible-detainer action becomes moot if the appellant is no longer in possession of the property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006); *see Wilhelm*, 349 S.W.3d at 768; *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *2–4 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.) (mem. op.).

This appeal arises out of appellee's eviction lawsuit in which appellee was awarded possession of the leased premises in a final judgment issued on September 21, 2022. Appellant did not pay the supersedeas bond required to stay the judgment and a writ of possession was executed.[1] Appellant was dispossessed of the leased premises on or about November 14, 2023, when the writ of possession was served.

On February 9, 2024, appellee filed a motion to dismiss, arguing that the appeal is moot because the writ of possession was executed, and appellant no longer

---

[1] Appellant filed for bankruptcy but the bankruptcy court issued an order on November 6, 2023 ordering that (1) no stay is in place under 11 U.S.C. §362(a) as to appellant, (2) no relief from stay as provided in 11 U.S.C. §362(a) is required for appellee to complete the process to recover full possession of the property, and (3) appellee may pursue its state law rights and remedies against appellant regarding the property.

has possession of the property. Appellant did not respond to the motion to dismiss, and therefore, has failed to assert a potentially meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768; *Soza v. Fed. Home Loan Mortg. Corp.*, No. 01-11-00568-CV, 2013 WL 3148616, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2013, no pet.) (mem. op.) (stating that appellant who failed to respond to appellee's motion to dismiss had failed to assert potentially meritorious claim of right to current, actual possession).

Accordingly, we vacate the trial court's judgment and dismiss the case as moot. *See Marshall*, 198 S.W.3d at 785, 787, 790 (when case becomes moot on appeal, appellate court must set aside trial court judgment and dismiss case); *Wilhelm*, 349 S.W.3d at 769; *Bey v. ASD Fin., Inc.*, No. 05-14-00534-CV, 2014 WL 4180933, at *1 (Tex. App.—Dallas Aug. 11, 2014, no pet.) (mem. op.) (dismissing appeal of forcible detainer action as moot because appellant no longer possessed property at issue); TEX. R. APP. P. 42.3(a), 43.2(e). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.